# Berwick Store Company, Appellant, *v.* Zadyejka and Rapalavicz.

*Notes—Judgment notes — Bailment — Leases — Automobiles — Failure of consideration—Opening judgments.*

On the trial of an issue, on a rule to open judgment, it appeared certain notes were given for payment on a bailment lease for an automobile. Evidence was produced that the truck was warranted to be a two-ton Reo truck and that it had not corresponded to the warranty.

Under such circumstances, it was not error to open the judgment and submit the question to the jury, and a verdict for the defendant will be sustained.

Argued March 8, 1921. Appeals, Nos. 32, 33, 34, 35 and 36, March T., 1921, by plaintiff, from judgment of C. P. Luzerne County, May T., 1919, Nos. 706, 707, 708, 709 and 710, on verdict for defendant in the case of Berwick Store Company v. Joseph Zadyejka and George Rapalavicz. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Issue framed upon rule opening judgment. Before STRAUSS, J.

The facts are stated in the opinion of the Superior Court.

462 BERWICK STORE CO., Appellant, v. ZADYEJKA.

Assignment of Errors—Opinion of the Court. [76 Pa. Superior Ct.

Verdict for defendants and judgment thereon. Plaintiff appealed.

*Errors assigned* was in making absolute the rule to open the judgment, charge of the court, answers to points and refusal of plaintiff's motion for judgment non obstante veredicto.

*W. A. Valentine,* and with him *William E. Elmes,* for appellant.—There was not sufficient evidence to warrant the opening of the judgment: English's App., 119 Pa. 534; Oberly v. Oberly, 190 Pa. 341; Groninger v. Acker, 32 Pa. Superior Ct. 124; Kline v. Fitzgerald Bros., 267 Pa. 468.

The term "2-ton Reo truck" is merely descriptive of the thing bargained for and could not be construed to constitute an implied warranty: Jarecki Mfg. Co. v. Kerr, 165 Pa. 529; Shisler v. Baxter, 109 Pa. 443; Walker v. Kirk, 72 Pa. Superior Ct. 534; Kline v. Fitzgerald, 267 Pa. 468.

*Arthur H. James,* and with him *Charles A. Shea,* for appellee.

OPINION BY HENDERSON, J., April 26, 1921:

The notes which are the subjects of controversy were given by the defendants to the plaintiff to secure the balance of rent for a truck leased by the plaintiff to the defendants. The lease was in writing and was for "one two-ton Reo truck, No. 3306," and was to be in force for ten months. The whole amount of the rent was $1,300; eight hundred of which was paid when the lease was signed. Five judgment promissory notes for the deferred payments were given at the same time. Defense was made on the ground that the truck delivered was not a two-ton truck. The defendants were engaged in the ice business, and it was known to the plaintiff that the truck was to be used in that business. The court instructed

the jury that there arose out of the contract a warranty that this should be a two-ton truck. The question of fact submitted to the jury was whether the truck delivered met the requirements of the contract. The appellant contends that the term "two-ton Reo truck" is descriptive merely of the thing leased and could not be regarded as support for the theory of an implied warranty. There must be, however, some significance in the use of the words "two-ton." If that is not descriptive of the weight of the machine, it must relate to its carrying capacity, and that it was intended to designate the latter quality, we have no doubt. But whatever meaning it may have standing alone, the parties gave it a definite construction in their negotiation. In the defendant's application to open the judgments, it was set forth that when the truck was leased it was with the distinct understanding that it was to have a capacity for carrying a load of two tons and was equipped and built for such purpose. In the answer to that part of the defendants' petition the plaintiff said: "The facts set forth in the sixth paragraph of the defendants' petition are admitted, viz: that the said truck leased was a two-ton truck." It clearly appears, moreover, from the testimony of the plaintiff's agent who conducted the business that that was the understanding. The parties having put their own construction on the contract, and its language admitting of such construction, the plaintiff cannot be heard to now deny what was admitted when the negotiation took place. The lease calling therefore for a truck having a capacity to carry two tons under ordinary conditions, a failure by the plaintiff to deliver such a truck would amount to a breach of the contract, and the defendants might assert a failure of consideration for their notes. Whether they brought an action for a breach of contract or defended against the payment of the balance of the rent, the questions of law involved were the same. It is an elementary principle that the plaintiff cannot recover under such circumstances if it made default in keeping.

its pledge. The defendants are not denying the execution of the notes. They are asserting that having given them in good faith in reliance on the plaintiff's contract, they afterward learned that the thing they intended to lease and which the plaintiff undertook to deliver to them was not that which they actually received, to wit, a Reo truck having the power and in the condition to carry two tons of freight. Nor is the case one of an effort to have the judgments opened on the uncorroborated testimony of the defendants. There is corroborating evidence that from the day the truck was delivered, it was in a defective condition and continued so to be; that it lacked power to move loads of less than two tons, and a question for the jury was therefore presented. The plaintiff endeavored to show that the defects in the machine were not due to any cause for which the plaintiff was responsible, but this was not accepted by the jury, nor are we satisfied that it should have been. By the terms of the lease it was the obligation of the defendants to return the truck "in its present good order and condition, ordinary wear and tear excepted" at the end of the period for which it was leased. This good order and condition was understood by the parties and has evident relation to the efficiency of the vehicle. Evidence introduced by the defendants and other witnesses called in their behalf shows that it was not what the plaintiff contracted it should be. The jury saw the witnesses and heard their evidence and were in a favorable situation to weigh the value of the testimony. We do not find sufficient reason, therefore, to reverse the action of the president of the court of common pleas in opening the judgment, nor of the trial judge in the instructions given to the jury.

The judgment is affirmed.